## Green and Ayrault *against* Elmer.

Where one of two partners receives from a debtor of the firm his mortgage to dispose of to his partner at a usurious rate of discount, and apply the proceeds in payment of a debt to the partnership and the agreement is consummated and the money paid, the debt is discharged, and upon the defendant resisting the collection of the mortgaged and obtaining a decree declaring it void for usury the partners can not recover their original debt.

The usurious contract in such a case is between the mortgagor and the partner who becomes the assignee of the mortgage, and not between the mortgagor and the partnership.

In such a case if the assignee purchased it in good faith and without notice of the object for which it was made and received from his partner a guaranty, he might recover upon the guaranty.

This was an action brought by the plaintiffs, who were partners in business at Portage, Allegany county, for goods sold to the defendant. It was tried at Livingston circuit in December, 1848, before Mr. Justice Hoyt, without a jury. The defendant proved the following facts:

On the 15th day of October, 1842, the defendant owed the plaintiffs for goods previously sold, $1200. It was then agreed between the plaintiff Green and the defendant, that the latter should execute to Green a bond and mortgage for $1500 and interest, payable in installments, and that Green should assign them to the plaintiff Ayrault upon a usurious rate of interest, and apply so much of the proceeds as should be requisite to the payment of the debt due to the plaintiffs. The defendant accordingly made the bond and mortgage and delivered them to Green. Green on the 10th of January, 1843, in pursuance of the arrangement assigned them to Ayrault for $1275, and in the assignment guarantied the payment. He then applied the proceeds to the discharge of the defendant's debt, which had risen to $1220·23, and gave the defendant credit upon the plaintiff's books for $54·77, the residue of the $1275 received from

Ayrault. Subsequently the plaintiffs sold to the defendant on credit goods to the amount of $107·27.

In July, 1845, the plaintiff Ayrault attempted to foreclose the mortgage in the court of chancery. The defendant answered his bill insisting that it was usurious, and a decree was made in the court of chancery in 1847, declaring that it was usurious and void, and dismissing the plaintiffs' bill with costs. Ayrault appealed from the decree and this action was commenced while the appeal was pending. The justice trying the cause gave a judgment for the plaintiffs for the amount of their account for the goods, deducting $300 which had been paid on the mortgage, the balance amounting to $1549·31. The judgment was affirmed at a general term in the seventh district in March, 1851. The defendant appealed to this court.

*N Hill Jr.*, for appellant.

*J. Wood, Jr.*, for respondents, insisted that the mortgage having been set aside for usury, the original demand might be recovered in this action. By the decree, Ayrault, the assignee of the mortgage was placed in a condition where he could recover the amount paid for it to the assignor; there being no evidence that he did not purchase it in good faith, and without any knowledge of the usurious contract.

The defendant having elected to avoid the security upon which the money was raised to pay his debt to the respondents, can not be permitted to insist that his debt is extinguished. By the giving of the mortgage in the first instance, and the raising of the money upon it and paying it to the respondents, the right to sue for the preexisting debt was suspended, but was restored by the decree, and it would be grossly inequitable and unjust to allow the appellant to defeat the security made by him to pay the debt, and then insist that the debt was paid, without advancing one dollar towards its payment.

It is no answer to this view of the case that an appeal

has been taken from the decree rendered in the suit to foreclose the mortgage. A decree or judgment is binding until reversed, and its force and effect is in no respect changed pending an appeal. (*Holmes* v. *Remsen*, 7 *John. Ch. R.* 286.)

MORSE, J. Had the usurious bond and mortgage been given in payment of the plaintiffs' debt, they certainly would form no bar to the plaintiffs' recovery. There is no ground whatever for saying that the plaintiffs as a firm, or jointly in any manner, took or received this bond and mortgage. The truth of the transaction was, that for the purpose of paying the defendant's debt to the plaintiffs, he entered into an arrangement with Green, by which he, (the defendant,) was to borrow of Ayrault, at a usurious rate of interest such a sum of money as could be obtained on the bond and mortgage. From the case it appears that the assignment was in pursuance of the agreement between Green and Elmer. Green, therefore, was by the assignment to become, as he did become, merely the surety upon this usurious loan. Green had no other connection whatever with the transaction, than as the mere conduit of title to the bond and mortgage from Elmer to Ayrault, and as the guarantor, that the principal and interest of the mortgage debt, with the costs, were collectable. The money was not loaned by Ayrault to the firm, and by the firm to Elmer. It was loaned to Elmer—not by the firm, but by Ayrault; and Green having the money in his hands, in pursuance of the agreement applied it, as he was bound to do, in the payment and satisfaction of Elmer's debt to the firm. It is true he also gave Elmer credit for the balance of $54·77, upon the books of the firm. This however, is quite insufficient to show that the money came from the firm, or in fact that it never came from any where, but that the bond and mortgage were given to the firm, and not, as the whole case shows, to Green, for the mere purpose of being assigned to Ayrault upon a usurious loan

Green *against* Elmer.

by him to Elmer. It will hardly do to presume, in the absence of all evidence upon the subject, that the making of usurious loans was any part of the regular business of the firm. The firm, no doubt, would be capable of taking a void security for a debt as well as an individual. But there should be some evidence to show that the machinery of giving the bond and mortgage to Green, of his assignment and guaranty to Ayrault, and the professed obtaining of the discount of the bond and mortgage by Ayrault, was a mere cover for usury; and that in fact the money was not advanced by Ayrault individually. Of this there is no pretence; and if there was, there is not sufficient in the case to raise a suspicion that it was so. The whole of the case is that Ayrault made a usurious loan to the defendant under cover of the purchase of the bond and mortgage from Green; and if without notice and in good faith, he purchased the bond and mortgage of Green, he has a claim over upon him on his guaranty if he fails to collect the amount of the defendant in his suit for foreclosure. The debt which the defendant owed the plaintiffs, was paid in money, and not by the bond and mortgage. The defendant is entitled to a new trial, unless the plaintiffs elect to take judgment for the balance of $107·27, after deducting $54·77, with interest upon such balance from August 1, 1844.

Judgment accordingly.